Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Ocala Division

Kquano C. Smith

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Officer A. Burgos, et al.

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

" See Attached "

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:23-W-285 TPBPRL

*(to be filled in by the Clerk's Office)*

Legal Mail
Provided to Florida State Prison
for mailing by _____

MCCC - CRIMINAL
APR 27 '23 PM2:28

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Defendants Continues:

1. Police K9 Jaeger, Defendant

2. Offier R. Maleske, Defendant

Verified Complaint
And
Jury Trial Demand
And Attached
Declaration Of Kquane C. Smith

(1), This is A Action for Nomial Compensatory And Punitive damages Alleging that the Defendants Contrary to the Eighth And Fourteenth Amendments to the United States Constitution Knowingly And willfully used unnecessary excessive force Against Plaintiff unjustly And without provocation in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. The Plaintiff Also alleges the torts of Assault And battery delibrate indifference Also.

Jurisdiction And Venue

(2), Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) And 1343(a)(4) in that this is a Civil Action seeking to redress the deprivation under color of state Law, of rights secured to the Plaintiff by the Eighth And Fourteenth Amendments to the Constitution of the United States.

(3), Plaintiff's claims for relief Are predicated upon 42 U.S.C. §1983, which Authorizes Actions to redress the deprivation, under color of state Law, of rights privileges and immunites secured to the Plaintiff by the Constitution And by 42 U.S.C. §1988, which Authorizes the Award of Attorney fees And costs to prevailing Plaintiff in Actions brought pursuant to 42 U.S.C. §1983.

(4), Venue is proper in this district pursuant to 28 U.S.C. §§ 139(b) And 139(c) in that the claims Arose in this district And the defendants reside And do business in this district.

(5). The Court has supplement jurisdiction over Plaintiff state law claims under 28 U.S.C. section 1367.

(6). Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

(7). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. section 2201 and 2202.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Kquana C. Smith |
| All other names by which you have been known: | |
| ID Number | #133932 |
| Current Institution | Florida State Prison |
| Address | P. O. Box 800 |
| | Raiford     Fla.     32083 |
| | *City*      *State*      *Zip Code* |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | A. Burgos |
| Job or Title *(if known)* | Officer |
| Shield Number | |
| Employer | Ocala Police Department |
| Address | 402 S. Pine Avenue |
| | Ocala     Fla     34471 |
| | *City*      *State*      *Zip Code* |

☑ Individual capacity   ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | R. Maleska |
| Job or Title *(if known)* | Officer |
| Shield Number | #6227 |
| Employer | Ocala Police Department |
| Address | 402 S. Pine Avenue |
| | Ocala     Fla.     34471 |
| | *City*      *State*      *Zip Code* |

☑ Individual capacity   ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name      Partner Jaeger

Job or Title *(if known)*      K9

Shield Number

Employer      Ocala Police Department

Address      402 S. Pine Avenue

     Ocala      Fla.      34471

|  City  |  State  |  Zip Code  |

☑ Individual capacity     ☐ Official capacity

Defendant No. 4

Name

Job or Title *(if known)*

Shield Number

Employer

Address

|  City  |  State  |  Zip Code  |

☐ Individual capacity     ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

(8th) Eighth And (14th) Fourteenth Amendment Rights

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

1. The actions of Defendant's Burgos, Maleske and K9 Jaeger for failing to intervene and applying excessive physical force Against Plaintiff without need or provocation while being apprehended was done in Bad Faith, sadistically and maliciously and constituted cruel and unusual

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

I was in society a free citizen, in Ocala Florida, On November 23, 2020 during the time of my apprehension And arrest. I was being Arrested by Officer Burgos And his partner Defendant K9 Jaeger. As I saw that I wouldn't escape I stood in the pond As Defendants Approached me and had my

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

II. Basis for Jurisdiction

D. Continues:
1.
Punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution, Constituting tort of Assault and battery in violation of 944.35 F. S. And 18 U.S.C. 242 (a) Under State Law.


IV. Statement of Claim

D. Continues:

hands up and when Defendant Burgos said don't move I didn't, then I notice Defendant Burgos releasing his partner Defendant K9 Jaeger who came into the pond and attacked me. I tried to go under the water, but Defendant Jaeger came under and begin to bite me in the head, at one point Defendant Jaeger locked his jaws on my head and I could feel his fangs on the bone of my skull which, cause me severe pain. Officer Burgos came into the pond and commanded Jaeger to release me then I heard Officer Defendant Burgos give his partner Defendant Jaeger another command and before I knew what was happening Defendant Jaeger attacked me again and this time Defendant Jaeger locked on my right ear and riped partial of it off. Defendant Burgos then command Jaeger to release as he was placing handcuffs, on me, but Defendant Jaeger continued to attack me, Officer Defendant Burgos then stated "I should let him rip your throat, you black piece of shit, so count this as your lucky day", then Defendant Burgos escorted me out of the water where I saw Officer Defendant Maleske standing there watching and smiling as if she enjoyed seeing me being bitten and assaulted.

D. Continues:

Once out of the pond I was seen by EMS Paramedics then taken to Ocala Regional Hospital where I was seen by a doctor who placed staples, sutures and Adhesive Wound Closure on my head and ear, and also prescribed me medications. While I was at the hospital I complained the Defendant Burgos threatened me and let his partner Defendant K9 Jaeger attack me without a probable cause or provocation, because I was not violent nor did I resist to be arrested. The force that was used on me was excessive and caused serious and permanent damage to my mental state of mind and my physical appearance, I was in fear for my life at all times during the physical attack and the mental threats made to me by Defendant Burgos and his partner Defendant Jaeger. At no time did Defendant Maleske intervene in the matter as she observed her colleague and his partner assault me and I saw when I got out of the pond she had enjoyed the incident as she was smiling.

Defendants Burgos and his partner Defendant Jaeger jointly and with malicious and sadistic used excessive force for the purpose to cause me harm, pain and suffering in Bad Faith not in an effort to restore or maintain a command or any other legitimate reason.

Defendants Burgos and Maleske jointly and with full knowledge of the unconstitutional nature of their actions agreed and did fail to intervene as Defendant Jaeger attacked me using unjustified excessive physical force on my person maliciously and sadistically to cause me harm, pain and suffering in Bad Faith and to an effort to restore or maintain a command or any other legitimate reason.

Although Plaintiff is in prison now he still feels that he will continue to suffer irreparable permanent injuries mentally

D. Continues:

And physically due to the actions and threats made by the
Defendants Burgos and his partner Defendant Jaeger that upon
returning to society Plaintiff fears he'd be in imminent danger
for filing this complaint against Defendants herein.
Although Defendant Maleske didn't threaten Plaintiff he
Plaintiff feels Defendant Maleske will conspire to act with
Defendants Burgos and Jaeger.
Because of the Defendants' joint participation each Defendant
is jointly and severelly liable to Plaintiff.
Some of this incident was caught on Defendant Burgos bodycam
as well as Defendant Maleske's bodycam as she watched me the
Plaintiff being attacked by Defendant Jaeger as directed by
command of Defendant Burgos and the film will clearly show
factual evidence of my allegations.

II. Basis for Jurisdiction

D. Continues:

2.
The Actions and inactions of Defendant Burgos in using excessive force upon and against Plaintiff without Justification or provocation by commanding his Partner Defendant K9 Jaeger to attack Plaintiff who was defenseless constituted tort of assault and battery in violation of 944.35 F.S. and 18 U.S.C. 242 (b) under color of state law, in violation of Plaintiff's Eighth U.S. Constitution.

3. The Actions and inactions of Defendant Burgos for failing to intervene in the unnecessary physical attack and vicious biting by Defendant K9 Jaeger to Plaintiff was done maliciously and sadistically to cause pain and suffering constituted deliberate indifference to Plaintiff's Eighth Amendment of the U.S. Constitution.

4. The Actions of Defendant K9 Jaeger for the use of excessive physical force upon and against Plaintiff without Justification or provocation at the command of Officer Burgos to attack Plaintiff who was defenseless constituted tort of assault and battery in violation of 944.35 F.S. 18 U.S.C. 242 (b) under color of state law, in violation of Plaintiff's Eighth U.S. Constitution.

5. The actions and inactions of Defendant Maleska in failing to intervene in the unnecessary attack and assault by Defendant K9 Jaeger on Plaintiff was done maliciously and sadistically to cause pain and suffering constituted deliberate indifference to Plaintiff's Fourteenth and Eighth Amendments of the U.S. Constitution.

Page 4 D of 11

II. Basis for Jurisdiction

D. Continues:

6. The Plaintiff sustained several injures (1). several bites to the head that required sutures staples and or Adhesive wound closure (2). Ear partially bitten off that required sutures and plastic surgery for ear that I was denied, Plaintiffs ear is permanantly damaged And the damage has only gotten worse since November 27, 2020,

7. Plaintiff has no plain Adequate or complete remedy At law to redress the wrong described herein, Plaintiff has been threatened And will continue to be in Imminent Danger of Irreparable injury if and when he returns to society due to ongoing events of top Admini- strators who are Allowing their subordinates to harass, torture, torment, Abuse and humilate and subject me to ongoing cruel punish- ment And threats if theres no protect order placed do to the con- duct of Defendants herein unless this court grants the declaratory And injunctive relief inwhich Plaintiff seeks,

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

On November 23, 2020 At Approx. 10:30 p.m.

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On November 23, 2020 After I had been chased by several officers I decided to get out of the vehicle I was driving and try to make a run for it on foot, I exited the vehicle behind a Publix and started to run on foot. I ran towards Ocala Golf course thinking I could get away. When I got to a pond I got in the water hoping that the officers would go past me, but when I saw the officer who was chasing me had a dog with him I decided to give up, so I stood up in the pond and put my

"See Attached Continuation"

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Several bites To the head which had to be stapled And sutured A partial of my left ear was bitten off, which had to be sutured And is loosing my hearing in left ear due to K9 Fang going inside of my ear

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

1. Wherefore, Plaintiff requests that the court grants the following relief,

2. Award Plaintiff Nominal Damage in the Amount of $1.00 Against each Defendant for violating the Plaintiff's rights,

3. Award Plaintiff Compensatory Damages in the following Amounts: (a) $500.000.00 Jointly and severally Against Defendants Burgos and K9 Jaeger for the unjustified use of excessive physical force on Plaintiff who suffers emotional and physical permanant injury.

## VI. Relief

D. Continues

(B). #100,000.00 Jointly and severally Against Burgos and Maleske for failure to intervene and prevent the misuse of excessive physical force and or participating in the excessive physical force on Plaintiff who suffered emotional and physical permanant injury.

(C). #100,000.00 severally Against K9 Jaeger for the attack and assault of misused excessive physical force on Plaintiff who suffers emotional and physical permanant injury

(D). #100,000.00 severally against Burgos for commanding his partner K9 Jaeger to attack and assalt Plaintiff without provocation in which Plaintiff suffers emotional and physical permanant injury.

(4). Award Punitive Damage in the following amounts:

(A). #75,000.00 against Burgos
(B). 75,000.00 against K9 Jaeger
(C). 50,000.00 against Maleske

(5). All Defendants herein are sued as follows:

(A). Burgos in his individual capacity is sued.
(B). K9 Jaeger in his individual capacity is sued.
(C). Maleske in her individual capacity is sued.

(6). Issue an Injunction ordering Defendants Superior (Chief, Assistant Chief and or Secretary Ricky Dixon) to:

VI. Relief

D. Continues

(A). Order Medical Staff to immediately provide Plaintiff with evaluation of hearing lose and plastic surgery for ear.

(B). Order that Plaintiff receives intense mental health care and treatment for Anxiety nightmares of re occurring dreams of being Attacked by K9 Jaeger As Burgos command K9 Jaeger to Kill Plaintiff.

(C). Order that both Medical and Mental health injunction be carried out until completed and that the court sees it was carried out fully.

(7). Recovery from Defendants of reasonable Attorney fees and All cost of Plaintiffs incarceration shall be considered paid to the Defendants for my incarceration based on my injures pain and sufferings herein the foregoing.

(8). Further Plaintiff states that if this Honorable Court doesn't grant injunctive relief Plaintiff's safety health and life will be and continue to be in Imminent Danger of serious injury, which the Plaintiff beleives that upon his release he will suffer irraparable and further permanant injures by the Defendants their co-workers, friends and or family members sometime in the future.

(9). Pursuant to Rule 38(b), Federal Rules of Civil Procedure the Plaintiff demands a trial by Jury on all issues triable.

VI. Relief

D. Continues

(W). Grant any Additional relief this Honorable Court
deems Just, proper and equitable.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

On November 23, 2020 while being Apprehended Andor Arrested by Ocala Police Department

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Inmate Informal And Formal Grievance procedure

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose
        concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or
other correctional facility?

☑ Yes

☐ No

E.      If you did file a grievance:

1.   Where did you file the grievance?

Florida State Prison

2.   What did you claim in your grievance?

That Officer Burgos made his K9 Partner Jaeger
Attack me without me resisting or provocation.

3.   What was the result, if any?

I was bitten several times in the head that had to be
stapled sewn and a partial of my right ear was bitten off
and my ear had to be sewn and I've lost hearing in my left ear
permanantly do to this incident.

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If
     not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Due to the incident described herein, Plaintiff had certain
Administrative remedies available to him, which he exhausted
to the best of his ability, utilizing the inmate grievance procedure.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.     If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

   Plaintiff filed grievances to the best of his knowledge
   And ability

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed,
        when and how, and their response, if any:

   Plaintiff spoke to and brought this matter to several
   Officials Attention many times, such As D.O.N. Ms. Amanda Griffin-
   Zonin, Captain A. Chisholm, Sergeant Griemes, Sergeant Vereen, Officer
   Davis, Officer Anderson, Nurse Patty and Nurse Huggins they done what they
   could to get me to see the physician.

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative
       remedies. I've filed a few grievances since leaving the county jail because
   some of my grievances wasn't responded to in the county jail as well as in prison, but
   I keep trying to get a response or be seen by an Inspector concerning this incident but
   nothing has happened as of yet. (See All attached exhibits)

   *(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your
   administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying
the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility,
brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,
malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent
danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

VII. Exhaution of Administrative Remedies Administrative Procedures

G. Continues

Attached Are Exhibits  1 through 11

(1). Statement of Officer Burgos (1 Page)
(2). Case Narrative of Office Maleske (1 Page)
(3). Probable Cause Affidavit of Officer Maleske (2 Pages)
(4). Florida Uniform Traffic Citation of Officer Maleske (1 Page)
(5). Statement of Officer Messenger (1 Page)
(6). Medical Documents At Ocala Regional Medical Center (2 Pages)
(7). Photographs of Plaintiff's Injures (3 Pages)
(8). Inmate Request Forms Marion County Sheriffs Office (2 Pages)
(9). Inmate Grievance Form Marion County Sheriffs Office (1 Page)
(10). Inmate Medical Request Form Marion County Sheriffs Office (2 Pages)
(11). Inmate Formal Grievances From Prison (4 Pages)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

      Plaintiff(s)      N\A
      Defendant(s)      N\A

2.    Court *(if federal court, name the district; if state court, name the county and State)*

      N\A

3.    Docket or index number

      N\A

4.    Name of Judge assigned to your case

      N\A

5.    Approximate date of filing lawsuit

      N\A

6.    Is the case still pending?

      ☐ Yes

      ☑ No

      If no, give the approximate date of disposition.

7.    What was the result of the case? *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

      N\A

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1.   Parties to the previous lawsuit

        Plaintiff(s)     N\A

        Defendant(s)    N\A

   2.   Court *(if federal court, name the district; if state court, name the county and State)*

        N\A

   3.   Docket or index number

        N\A

   4.   Name of Judge assigned to your case

        N\A

   5.   Approximate date of filing lawsuit

        N\A

   6.   Is the case still pending?

        ☐ Yes

        ☑ No

        If no, give the approximate date of disposition     N\A

   7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        N\A

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____

Printed Name of Plaintiff   Kquano C. Smith

Prison Identification #   DC# 133932

Prison Address   Florida State Prison, P.O. Box 800

Raiford _____ Fla, _____ 32083
      *City*                    *State*    *Zip Code*

### B.   For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

_____
*City*                          *State*      *Zip Code*

Telephone Number _____

E-mail Address _____

Exhibit 2



**Ocala Police Department**
402 S. Pine Avenue
Ocala, FL 34471
352-369-7000

**OFFICER STATEMENT**
Incident #: 202000194208
Officer: A. Burgos

On November 23, 2020 at approximately 2230 hours, I responded to the area of NE 7th St. and NE 36th Ave. in reference to assist in a vehicle pursuit. I arrived on scene at approximately 2235 hours.

Prior to my arrival, officers advised that the pursuit terminated behind the Publix located at 3540 E. Silver Springs Blvd. just off NE 7th St. Officer's on scene then began to give a brief description of the subject running from the vehicle as a black male black pants and white shoes running through the parking lot of Publix towards NE 7th St. As I was approaching NE 7th St. from NE 36th Ave., I observed the subject later identified as Kquano Smith running southbound across NE 7th St. towards the Ocala Golf Course located at 3130 E. Silver Springs Blvd. I then observed Smith begin to run into the brush that boarders the Ocala Golf Course and at this time, I drove my police vehicle to the last location where I saw Smith enter. I then observed Smith climbing through the brush and at this time I began to give several commands for him to "stop or he will be dog bit". At this time, he continued to run through the brush southbound into the Ocala Golf Course and ignore my commands. I then deployed my K9 partner "Jaeger" with a tracking harness and flat collar with reflective "Police K9" decals by using my automatic door popper. As K9 Jaeger exited the vehicle, I gave him the command to apprehend Smith. I then worked my way through the brush and entered the Golf Course where I saw Smith continue to run south bound through the golf course. At this time, I continued to run towards Smith and gave K9 "Jaeger" the command to apprehend again. We continued to run towards a large retention pond where I lost sight of Smith. K9 "Jaeger" then proceeded into the retention pond and began an area search for Smith. I then gave another command for Smith to come out or he will get dog bit but was met negative results. K9 "Jaeger" then located Smith who concealing his whole body in the water. K9 Jaeger went under the water and pulled Smith out by his head. I then ran towards Smith and took K9 "Jaeger" off Smith and began to give commands for Smith to walk up the retention pond. At this time, Sgt. D. Todd arrived at my location and detained Smith. Smith was then taken back to NE 7th St. to be evaluated by EMS. Smith advised that he did not hear my commands while he was running through the brush and further advised that he did not hear my commands at the retention pond due to the fact that he was hiding in the water.

Smith was then transported and treated at Ocala Regional for his injuries. Smith then was released and transported to the Marion County Jail.

This concludes my involvement of this case.

As typed by: Officer A. Burgos

80

Exhibit 2



**Ocala Police Department**
**402 S. Pine Avenue**
**Ocala, FL 34471**
**352-369-7000**

**CASE NARRATIVE**
**Incident #: 202000194208**
**Officer: R. Maleske**

On 11/23/2020, Officers observed a dark gray Toyota Van without headlights bearing FL EVPW25 in area of the Ocala Downtown Square. In the 800 block of E. Silver Springs Blvd, Officer H. Tait attempted a traffic stop on the vehicle, but the vehicle refused to stop, and the traffic stop was cancelled as the vehicle continued eastbound on E. Silver Springs Blvd.

The vehicle was then located by Det. J. Warner in the 300 block of NE 25th Ave; the vehicle still did not have the headlights on. Detective J. Warner was in an unmarked vehicle and followed the vehicle through the residential area. While he was following the vehicle, he observed the vehicle fail to stop at multiple stop signs in the residential area the vehicle was driving in.

Around the area of NE 26th Ct and NE 7th St, Det. J. Warner attempted a traffic stop on the vehicle, activating his emergency lights and sirens. The vehicle failed to stop, and a pursuit was initiated within the residential neighborhood. As Det. J. Warner pursued the vehicle throughout the residential neighbor, in the area of 3022/ 3030 NE 7th LN, the suspect vehicle left the roadway and hit multiple residential garbage cans.

At the intersection of NE 9th St and NE 31st Ave, I observed the vehicle fail to stop at the stop sign and Det. J. Warner pursuing the vehicle. I positioned my marked Ocala PD patrol vehicle #019 behind Det. J. Warner's vehicle with my emergency lights and sirens activated. I began calling the pursuit as the vehicle continued to flee from myself and Det. J. Warner's vehicle. The vehicle continued eastbound on NE 9th St to NE 7th LN then eastbound onto NE 10th St continuing to run stop signs. The vehicle was observed running the stop sign at NE 10th St, crossing over westbound lanes of travel on E. Silver Springs Blvd. The suspect vehicle then went over a grass median at the 3600 block of E. Silver Springs Blvd and southbound on NE 36th Ave. The pursuit speeds never exceeded more than 45 mph. The vehicle then turned westbound onto NE 7th St behind the Publix in the Forty East Shopping Plaza. The vehicle went into the parking lot behind the plaza and the vehicle came to a stop in the parking lot.

I observed a black male in a gray hoodie with light colored shoes exited the driver side of the vehicle and flee on foot eastbound on NE 7th St. The suspect black male later identified as, Kquano Smith, ran multiple directions along NE 7th St as Officers responded to the area. Smith then entered the wooded area on the southside of NE 7th St which led him on the Ocala Golf Club Golf Course.

Smith ran southbound on the Golf Course from NE 7th St. As he was running, he fell into a retention pond and hid. K9 Officer Burgos and K9 Partner Jaeger pursued Smith on foot and Smith was apprehended in the retention pond by K9 Officer Burgos and K9 partner Jaeger.

Smith was escorted from the Golf Course and was treated by EMS on scene. He was then taken to Ocala Regional Medical Center where he was treated for his injuries and later delivered to the jail without incident.

78

| Complaint/Arrest | | | Court Case No. | Agency Case No. 202000194208 |
| --- | --- | --- | --- | --- |
| Affidavit Continuation | | | | |
| Defendant Name: | Last Smith | First Kquano | Middle C | Date of Birth 11/3/92 |

ORIGINAL

**PROBABLE CAUSE AFFIDAVIT:**
(specify probable cause for each charge)

Before Me, the undersigned authority personally appeared  R. Maleske  who being duly sworn, alleges, on information and belief, that on the  24th day of November, 2020,      in Marion  County, Florida, the defendant did:

Knowingly and Unlawfully commit the offense of Fleeing to Elude Law Enforcement FSS 316.1935(1). Resisting Law Enforcement without Violence FSS 843.02 and Driving while license suspended revoked FSS 322.34(10a) to wit:

On 11/23/2020, Officers observed a dark gray Toyota Van without headlights bearing FL EVPW25 in area of the Ocala Downtown Square. In the 800 block of E. Silver Springs Blvd. Officer H. Tait attempted a traffic stop on the vehicle, but the vehicle refused to stop, and the traffic stop was cancelled as the vehicle continued eastbound on E. Silver Springs Blvd.

The vehicle was then located by Det. J. Warner in the 300 block of NE 25th Ave; the vehicle still did not have the headlights on. Detective J. Warner was in an unmarked vehicle and followed the vehicle through the residential area. While he was following the vehicle, he observed the vehicle fail to stop at multiple stop signs in the residential area the vehicle was driving in.

Around the area of NE 26th Ct and NE 7th St. Det. J. Warner attempted a traffic stop on the vehicle, activating his emergency lights and sirens. The vehicle failed to stop, and a pursuit was initiated within the residential neighborhood. As Det. J. Warner pursued the vehicle throughout the residential neighbor. in the area of 3022/ 3030 NE 7th LN, the suspect vehicle left the roadway and hit multiple residential garbage cans.

At the intersection of NE 9th St and NE 31st Ave, I observed the vehicle fail to stop at the stop sign and Det. J. Warner pursuing the vehicle. I positioned my marked Ocala PD patrol vehicle #019 behind Det. J. Warner's vehicle with my emergency lights and sirens activated. I began calling the pursuit as the vehicle continued to flee from myself and Det. J. Warner's vehicle. The vehicle continued eastbound on NE 9th St to NE 7th LN then eastbound onto NE 10th St continuing to run stop signs. The vehicle was observed running the stop sign at NE 10th St. crossing over westbound lanes of travel on E. Silver Springs Blvd. The suspect vehicle then went over a grass median at the 3600 block of E. Silver Springs Blvd and southbound on NE 36th Ave. The pursuit speeds never exceeded more than 45 mph. The vehicle then turned westbound onto NE 7th St behind the Publix in the Forty East Shopping Plaza. The vehicle went into the parking lot behind the plaza and the vehicle came to a stop in the parking lot.

I observed a black male in a gray hoodie with light colored shoes exited the driver side of the vehicle and flee on foot eastbound on NE 7th St. The suspect black male later identified as, Kquano Smith, ran multiple directions along NE 7th St as Officers responded to the area. Smith then entered the wooded area on the southside of NE 7th St which led him on the Ocala Golf Club Golf Course.

Smith ran southbound on the Golf Course from NE 7th St. As he was running, he fell into a retention pond and hid. K9 Officer Burgos and K9 Partner Jaeger pursued Smith on foot and Smith was apprehended in the retention pond by K9 Officer Burgos and K9 partner Jaeger.

Smith was escorted from the Golf Course and was treated by EMS on scene. He was then taken to Ocala Regional Medical Center where he was treated for his injuries and later delivered to the jail without incident.

SWORN to and SUBSCRIBED before me
This     day of        , 2020.

_____
Notary Public - Certified Officer
(circle one)

Officer R. Maleske #6227 _____

AFFIANT

Ocala Police Department

ARRESTING AGENCY

62

Exhibit 3

Page

| Complaint/Arrest Affidavit Continuation | | | Court Case No. | Agency Case No.<br>202000194208 |
|---|---|---|---|---|
| Defendant Name: | Last<br>Smith | First<br>Kquano | Middle<br>C | Date of Birth<br>11/3/92 |

ORIGINAL

PROBABLE CAUSE AFFIDAVIT:

(specify probable cause for each charge)

Before Me, the undersigned authority personally appeared R. Maleske who being duly sworn, alleges, on information and belief, that on the 24th day of November, 2020, in Marion County, Florida, the defendant did:

Smith was also ran on channel three and Ocala PD was advised he had an active warrant out of MCSO for VOP reference armed robbery; the warrant was confirmed. Warrant #1002633 OPD case #202000194218. Smith was arrested on this case also.

It was also determined Smith's Florida Drivers License was revoked on 11/3/2011; this information was confirmed through DAVID.

Smith was charged with DWLSR, Fleeing to Elude LEO and Resisting LEO without violence.

SWORN to and SUBSCRIBED before me
This     day of     , 2020.

Notary-Public - Certified Officer
(circle one)

AFFIANT

Ocala Police Department

ARRESTING AGENCY

63

Ecf-23-14

6227

R MALESKE                                        202000194208

|||||||||||||||||||||||||||||||||||||||||||||||||

**FLORIDA UNIFORM TRAFFIC CITATION**          **ADSWHNE**          CHECK DIGIT

| COUNTY OF | | ☐ INF + P | ☒ S/P.D. | ☐ DI S.G. | ☐ OTHER |
|---|---|---|---|---|---|
| **MARION 14** | | | | | |

CITY OF APPLICABLE:     AGENCY NAME    **OCALA P.D.**
**OCALA 40**
AGENCY #     **2**

IN THE COURT DESIGNATED BELOW THE UNDERSIGNED CERTIFIES THAT HE/SHE          COMPLAINT
HAS JUST AND REASONABLE GROUNDS TO BELIEVE AND DOES BELIEVE THAT Ut:          (RETAINED BY COURT)

| DAY OF WEEK | MONTH | DAY | YEAR | | ☐ AM |
|---|---|---|---|---|---|
| **MONDAY** | 1 1 | 2 3 | 2 0 2 0 | 11:00 | ☒ PM |

| NAME (PRINT FIRST) | MIDDLE | LAST |
|---|---|---|
| **KQUANO** | **CEDRIC LANARD** | **SMITH** |

STREET                    IF DIFFERENT THAN ONE ON DRIVER LICENSE / HERE
**2400 NE 77TH LOOP**                                              ➡

| CITY | | STATE | ZIP CODE |
|---|---|---|---|
| **OCALA** | | **FL** | **34479** |

| TELEPHONE NUMBER | DATE OF BIRTH | MO. | DAY | YR. | RACE | SEX | HGT. | ETHNICITY |
|---|---|---|---|---|---|---|---|---|
| | | 1 1 | 0 3 | 1 9 9 2 | B | M | 5'08" | N |

| DRIVER LICENSE NUMBER OR OTHER I.D. | **S530503924030** | | PERMANENT REGISTRATION | ☐ Yes ☒ No |
|---|---|---|---|---|
| Name Change ☐ Yes ☒ No | STATE **FL** | CLASS **I** | CO. LICENSE ☐ Yes ☒ Co. | YR LICENSE EXP. **2 0 2 8** | COMMERCIAL VEHICLE ☐ Yes ☒ No |

| YR VEHICLE | MAKE | STYLE | COLOR | PLACARDED HAZ MATERIAL |
|---|---|---|---|---|
| 2 0 2 0 | TOYT | VN | GRY | ☐ Yes ☒ No |

| VEHICLE LICENSE NO. | TRAILER TAG NO. | STATE | YEAR TAG EXPIRES | # OF PASSENGERS |
|---|---|---|---|---|
| EVPW25 | | FL | 2 0 2 1 | ☐ Yes ☒ No |

UPON A PUBLIC STREET OR HIGHWAY, OR OTHER LOCATION NAMELY:     MOTORCYCLE ☐ Yes ☒ No
**2500 NE 3RD ST**

COMPANION CITATION No (S) ☒ Yes ☐ No

| FT. | MILES | ☐ N | ☐ S | ☐ E | W OF NODE |
|---|---|---|---|---|---|

DID UNLAWFULLY COMMIT THE FOLLOWING OFFENSE         CHECK ONLY ONE OFFENSE PER EACH CITATION

☐ UNLAWFUL SPEED _____ MPH SPEED APPLICABLE _____ MPH
  ☐ INTERSTATE   ☐ SCHOOL ZONE   ☐ CONSTRUCTION WORKER(S) PRESENT
  SPEED MEASUREMENT DEVICE: _____

| ☐ CARELESS DRIVING | ☐ CHILD RESTRAINT | ☐ EXPIRED DRIVER LICENSE SIX (6) MONTHS OR LESS |
|---|---|---|
| ☐ VIOLATION OF TRAFFIC CONTROL DEVICE | ☐ SAFETY BELT VIOLATION | ☐ EXPIRED DRIVER LICENSE MORE THAN SIX (6) MONTHS |
| ☐ FAILURE TO STOP AT A TRAFFIC SIGNAL | ☐ IMPROPER OR UNSAFE EQUIPMENT | ☐ NO VALID DRIVER LICENSE |
| ☐ IMPROPER CHANGE OF LANE OR COURSE | ☐ EXPIRED TAG SIX (6) MONTHS OR LESS | ☐ DRIVING WHILE LICENSE SUSPENDED |
| ☐ NO PROOF OF INSURANCE | ☐ EXPIRED TAG MORE THAN SIX (6) MONTHS | ☐ DRIVING UNDER THE INFLUENCE |
| ☐ VIOLATION OF RIGHT-OF-WAY | ☐ IMPROPER PASSING | ☐ PASSENGER UNDER 18 YRS |

BAL _____ %

OTHER VIOLATIONS OR COMMENTS PERTAINING TO OFFENSE:
**FLEEING - FLEEING AND ELUDING LAW ENFORCEMENT OFFICER**

RE-EXAM ☐ Yes ☒ No
DL SEIZED ☐ Yes ☒ No

| AGGRESSIVE DRIVING ☐ | IN VIOLATION OF STATE STATUTE SECTION 316.1935(1) | | SUB-SECTION |
|---|---|---|---|

| CRASH | PROPERTY DAMAGE | INJURY TO ANOTHER | SERIOUS BODILY INJURY TO ANOTHER | FATAL |
|---|---|---|---|---|
| ☐ Yes ☒ No | ☐ Yes | ☒ No | ☐ Yes ☒ No | ☐ Yes ☒ No | ☐ Yes ☒ No |

☒ CRIMINAL VIOLATION, COURT APPEARANCE REQUIRED AS INDICATED BELOW

☐ INFRACTION COURT APPEARANCE IS REQUIRED AS INDICATED BELOW.

☐ INFRACTION WHICH DOES NOT REQUIRE APPEARANCE IN COURT          CHECK DIGIT

CIVIL PENALTY $          **TO BE SET FELONY CASE**

COURT INFORMATION          DATE (MM/DD/YYYY)          TIME          A.M. / P.M.

**MARION COUNTY COURTHOUSE**
COURT
**110 NW 1 AVE, OCALA, FL 34475 PHONE:(352) 671-5599**
LOCATION
**MAIL PAYMENT TO: PO BOX 907 OCALA, FL 34478**

ARREST DELIVERED TO     **MARION COUNTY JAIL**          DATE   **11 24 2020**

I AGREE AND PROMISE TO COMPLY AND APPEAR TO THE CHARGES AND INSTRUCTIONS SPECIFIED IN THIS CITATION. WILLFUL REFUSAL TO ACCEPT AND SIGN THIS CITATION MAY RESULT IN ARREST. I UNDERSTAND MY SIGNATURE IS NOT AN ADMISSION OF GUILT OR WAIVER OF RIGHTS. IF YOU NEED REASONABLE FACILITY ACCOMMODATION TO COMPLY WITH THIS CITATION CONTACT THE CLERK OF THE COURT.

X SIGNATURE OF VIOLATOR (SIGNATURE IS REQUIRED IF INFRACTION REQUIRES APPEARANCE IN COURT.)

| **OFFICER** *Rachel Maleske* | **6227** | |
|---|---|---|
| RANK  NAME OF OFFICER | I.D. NO | TROOP/UNIT |

☒ I CERTIFY THIS CITATION WAS DELIVERED TO THE PERSON CITED ABOVE
HSMV 71357 (Rev. 05/12)

---

IMPORTANT INSTRUCTIONS REGARDING A NON-CRIMINAL TRAFFIC INFRACTION NOT REQUIRING A COURT APPEARANCE

If you were charged with a civil infraction, you must complete one of the following options within 30 CALENDAR DAYS, of the date of this citation. If you fail to comply WITHIN 30 CALENDAR DAYS, your driving privilege will be suspended until you comply. You will also be subject to additional penalties.

Option 1: You may pay the civil penalty listed on the front of this citation to the clerk of court. You must enclose this citation if you make payment, which may be a money order or a cashier check. The Clerk of Court ___ X ___ does _____ does not accept personal checks. Payment of the civil penalty is considered a conviction and points will be assessed, if applicable. Proof of compliance in the form of driver license or registration certificate, whichever is applicable, is required in addition to payment if you were cited for drivers license expired less than six months, expired tag less than six months, failure to display a valid driver license and failure to display a valid registration.

You will be required to complete a driver improvement course if you are convicted of running a red light or passing a school bus.

Your driving privilege will be suspended if you are convicted of not providing proof of insurance.

Mail payments to:   Marion County of Court
                    PO Box 907
                    Ocala, FL 34478

You may pay on line at: **www.myfloridacounty.com** for citations that do not require proof of compliance and are less than 30 days old.

Option 2: If you were cited for expired driver license, failure to display a valid driver license, expired tag, failure to possess a valid registration or no proof of insurance, you may show proof to the Clerk of Court that you had a valid driver license, tag/registration, or insurance, whichever is applicable, at the time of the offense. The charge will be dismissed upon payment of dismissal fee.

Option 3: If you were cited for driver license expired 6 months or less, expired tag 6 months or less, failure to display a valid driver license, failure to possess a valid registration, no proof of insurance, or driving while license suspended (see FSS 322.34(10)(A)), you may elect to show proof of compliance to the Clerk of Court in the form of a valid driver license, registration, or proof of insurance, whichever is applicable. You may make only one such election per year and no more than three such elections in your life time. You must pay court costs and adjudication will be withheld.

Option 4: If you do not have a commercial driver license, you may be eligible to elect to complete a Florida driver improvement course. You must contact the Clerk of Court to make this election. You may make only one such election per year and no more than five elections in your lifetime. Please visit **www.flhsmv.gov** for a list of approved courses and to determine your eligibility for this election. Adjudication will be withheld and points will not be assessed. You must pay a civil penalty and court costs. This option is not available for certain traffic offenses, including a driver license, tag and registration violations. Completion of the driver improvement course is required if you are cited for running a redlight/traffic control device, even if you do not make this election.

Option 5: You may elect a court hearing by contacting the Clerk of Court. If you request a hearing and the County Judge/Magistrate/Hearing Officer determines that you have committed the offense, the County Judge/Magistrate/Hearing Officer may impose a penalty of up to $500 (or $1000 if a fatality occurred) and/or require completion of a driver improvement course. Points may be assessed. If it is determined that no infraction has been committed, no cost or penalties shall be imposed.

Option 6: If you were cited with a non-criminal violation for operating a motor vehicle in an unsafe condition (FSS 316.610) or not properly equipped (FSS 316.610 or FSS 316.2935) you may have the defect corrected, then contact your local county or city law enforcement agency to have the correction certified below. You must pay the local law enforcement agency $_____ for this service. You may then mail or present this affidavit of compliance along with $_____ to the Clerk of Court within 30 calendar days of the date of the citation. No points will be assessed. This option does not apply to commercial motor vehicles or a transit bus owned by a government entity.

FAULTY EQUIPMENT AFFIDAVIT OF COMPLIANCE
(Law Enforcement use only)

I certify that the defective equipment described herein has been corrected and complies with the requirements of the Florida traffic laws.

Date:_____   ASSIGNED DHSMV AGENCY #: _____

Signed:_____
        (Name, Title, ID#                    )



**Ocala Police Department**
**402 S. Pine Avenue**
**Ocala, FL 34471**
**352-369-7000**

**OFFICER STATEMENT**
**Incident #: 202000194208**
**Detective: A. Messenger**

On **November 23rd 2020**, I was the on-call detective and heard via police radio that patrol was chasing a mini-van on the east side of the city. I was in the 1200 block of East Silver Springs Boulevard and responded to the area. Patrol advised there location was in the 3000 block of NE 10th Street. I responded to NE 36th Avenue and East Silver Springs Boulevard, and observed the pursuit already traveling southbound on NE 36th Avenue.

I continued towards the pursuit but was never directly involved in it. The pursuit continued behind the Publix in the 40 East Shopping Center. Officer Maleske was behind the vehicle and advised the subject was bailing out of the vehicle. I was traveling west bound on NE 7th Street and observed a subject wearing a red jacket and gray pants running south bound from the back of the Publix. The subject turned and ran east bound on NE 7th Street towards me and began running towards the wood line. I did a U-turn and continued to drive after the subject. The subject then turned and went in a northeastern direction into the back of the Publix again. I followed him in my vehicle and followed him along the fence line. The subject then turned back towards me and I attempted to block his movement with my vehicle. I attempted to exit my vehicle and chase the subject but was unable to get the door to unlock. The subject jumped over the front corner of my vehicle and continued back towards NE 7th Street. When I got my vehicle turned around to see where he went I heard that he ran into the wood line south of my location. I heard via police radio that K9 Officer Burgos and his partner captured the subject in the golf course. The subject was transported to Ocala Regional Medical Center for treatment.

This concludes my involvement in this.

As typed by Detective A. Messenger 11/25/20

COPYBAN CAPTURE® ANTI-FRAUD PROTECTION

RXPSROLLBLU-16 Rev 11/18

00016799

SRC2006191540

This blue document is protected by security features listed on the back. Taylor Communications, Inc., All rights reserved.

Exhibit 6

**Ocala Regional Medical Center**
1431 SW 1st Ave
Ocala, FL 34471
Ph. (352) 401-1000

Date Issued: NOVEMBER 24, 2020

SMITH, KQUANO C                    DOB: 11/03/92

UNKNOWN, XX 00000

Augmentin 875-125 Tablet (1 EACH TABLET)
Dispense 14 (FOURTEEN) TAB
SIG: 1 TAB PO BID
No Refills

Signature: _____

Dispense as Written    Substitution Permitted
AM5656181-NWO6734 NPI 1013411958 Smith,Caroline MD R3
1431 SW First Ave
Ocala FL 34471
(352)401-1417

Test Area

SRCT00117152770



Ocala Regional Medical Center
West Marion Community Hospital
Trailwinds ER
Summerfield ER
Maricamp ER

Patient: SMITH,KQUANO C
Account No: G00104462623
Unit No: G000196441
Location: EMERGENCY DEPART OUT PATIENT
Physician: DIAZ,JOEL  MD
Date: 11/23/20

# Patient Visit Information

## You were seen today for:

Dog bite
Scalp laceration

## Staff

Your caregivers today were:

    Physician:    DIAZ,JOEL  MD
    Practitioner:  SMITH,CAROLINE M

## Patient Instructions Reviewed

Animal Bite, Adult
Laceration Care, Adult
Sutures, Staples, or Adhesive Wound Closure

    received 11/24/20 - 0211

## Activity Restrictions or Additional Instructions

Follow up in 7 days for staple removal at your doctor's office or return to the ED.  Follow up with plastic surgery for your ear.  Keep the ear wound covered with a non-adherent dressing until a scab has formed.

## Medication Dose and Instructions

Amoxicillin/Potassium Clav (Augmentin 875-125 Tablet) 875 MG TAB
1 TAB ORAL 2 TIMES A DAY 7 Days, #14 TAB REF 0
    11/24/20 2:10am  Status: PRINTED

## Follow-up

Please contact the following to make an appointment for follow-up care:

    NO PRIMARY OR FAMILY PHYSICIAN

    HEART OF FL HEALTH CENTER
    1025 SW 1ST AVE

Exhibit 7



96

Exhibit 7



95

Exhibit 7



93

Exhibit 8

SGT. GRIMES



### SHERIFF'S OFFICE
### Marion County
### Inmate Request Form

TO:

| | |
|---|---|
| FOOD SERVICES ☐ | CANTEEN/INMATE ACCOUNTS ☐ |
| LAW LIBRARY ☐ | CLASSIFICATIONS ☐ |
| PROGRAMS ☐ | PUBLIC DEFENDER ☐ |
| PROPERTY ☐ | DISCIPLINARY REPORT APPEALS ☐ |
| CHAPLAIN ☐ | OTHER ☒ |

FROM (PLEASE PRINT):

KQUANG SMITH
(Inmate Name)

A0206526
(Pin Number)

4/2/21
(Date)

A-E-#239
(Pod/Section/Cell #)

RO-59757
(Received from inmate by Officer Signature and ID #)

4/3/21
(Date/Time)

RESPONSE/COMPLAINT:

I PUT IN A SICK CALL AND WROTE A COMPLAINT ABOUT MEDICAL NOT SEEING ME ABOUT MY EAR HURTING AND ABOUT ME GOING PARTIALLY DEAF IN MY RIGHT EAR NOW. COULD YOU PLEASE SEE WHAT YOU CAN DO AND COULD YOU PLEASE GET ME OUT TO THE GRIEVANCE MACHINE. PLEASE AND THANK YOU

RESPONSE:

THIS WILL BE FORWARDED TO THE APPROPRIATE PERSONNEL.

SDP 4/3/21

(Response to inmate by Officer Signature and ID #)

(Date/Time)

White Copy - Classification once the response is compiled.
Yellow Copy - Inmate once the response is compiled.
Pink Copy - Inmate after the officer signs the form.

Revised 2/22/10

Exhibit 8



MEDICAL

### SHERIFF'S OFFICE
**Marion County**
**Inmate Request Form**

TO:

FOOD SERVICES ☐          CANTEEN/INMATE ACCOUNTS ☐
LAW LIBRARY ☐            CLASSIFICATIONS ☐
PROGRAMS ☐               PUBLIC DEFENDER ☒
PROPERTY ☐               DISCIPLINARY REPORT APPEALS ☐
CHAPLAIN ☐               OTHER ☒

FROM (PLEASE PRINT):

KALINO SMITH

(Inmate Name)                              N0206526
_____                   _____
                                          (Pin Number)

MARCH 31ST 2021                           A-8-#243
_____                   _____
(Date)                                    (Pod/Section/Cell #)

_____                   03/31/2021
(Received from inmate by Officer          _____
Signature and ID #)                       (Date/Time)

REQUEST/COMPLAINT:

_I wrote a sick call out about my ankle and the swelling and the pain in_
_my right ankle I filled this sick call out but I am not going to give it to_
_nurse Huggins the sick call nurse has came down here 2 or 3 times and has_
_not seen me. Could you please let me know what is going on. Thank you. Thank_
_you._

RESPONSE:

Spoke c MR Smith  he does not have a receipt
for the sick call.
Appt made c ARNP Meade he is aware

Amanda Leo                                4-5-21
_____                   _____
(Response to inmate by Officer            (Date/Time)
Signature and ID #)

White Copy - Classification once the response is compiled.
Yellow Copy - Inmate once the response is compiled.
Pink Copy - Inmate after the officer signs the form.

Revised 2/22/10

Exhibit 9



## MARION COUNTY SHERIFF'S OFFICE
### Inmate Grievance Form

| | | | | |
|---|---|---|---|---|
| **Date:** | 3/29/2021 5:36:01 PM | **Issue Date:** 3/29/2021 5:36:01 PM | | |
| **Name:** | Smith | Kquano | | C.L |
| **POD:** | Alpha | **CELL:** 238 | | |
| **Grievance Number:** | 21-04-338 | | | |
| **Subject/Reason:** | Medical Complaint | | | |
| **Received from Inmate by:** | SGT>GRIMES | | | |
| **Issuing Supervisor/ID:** | | | **Date Receive** 4/4/2021 | |

**Statement:** I am grieving the fact that I have filled out a sick call and was never seen.Its been over a month.I came into Marion County Jail with a k9 bite to my ear.In the process of my apprehension the k9 bit a chunk of my ear off.I was taken to Ocala regional center for treatment and then brought to the county jail.I was admitted to the infirmary,where I was being treated for dressing and wound care.I stayed in infirmary for about a month and I wasn't having any symtoms.I was released from infirmary and brought down to Alpha-Ecko where I started to all of a sudden out of nowhere start loosing my hearing out of my right ear.Ive went through the process of filling out a sick call,writing a complaint to medical,ive notified the officers as well as the Sgts,now im grieving the lack of help im receiving to treat this issue.I would like to be seen as well as this grievance filed to notify medical as well as the D.O.N.that my issue is serious and not being taken serious at all.

**Remedy:**

**Response:** A sick call was placed on 1/3/21 in which you did not report any hearing loss at that time and your issues were resolved.  You reported that you submitted a sick call request about a month ago but you were unable to produce a receipt.  You were placed in the system to have an appointment with the provider this week to evaluate your concerns regarding your hearing.

| | |
|---|---|
| **Response Date:** | 4/9/2021 |  **Substantiated:**   N |
| **Employee:** | DON A. Griffin-Zonin |
| **Division Commander:** | Capt. A. Chisholm |

Capt A. Chul 1713

Exhibit 10



# HEART OF FLORIDA HEALTH CENTER

## INMATE MEDICAL REQUEST FORM

❏DENTAL    ❏MEDICAL    ❏MENTAL HEALTH

**(Please check one of the above)**

| Print Only | Print Only | Print Only |
| --- | --- | --- |

Date: 6/15/21

Name: KWUANG SMITH

I.D. # A0200526

Facility/Institution: MARION COUNTY JAIL

D.O.B.: 11-3-92

Cell # F37

**Problem: (in your own words)**

I'M HAVING EXCRUTIATING PAINS IN MY RIGHT EAR.

## DO NOT WRITE BELOW THIS LINE

### STAFF SECTION

Disposition: SICK

Person Triaging: _____ (Name)    Date: 6/14/21    Time: 3:16p

### FOR STAFF USE ONLY

S: 

O : 

A: 

P : 

Date: _____

MEDICAL SERVICES SIGNATURE

OCC033

Exhibit 10



# HEART OF FLORIDA HEALTH CENTER

## INMATE MEDICAL REQUEST FORM

❑ DENTAL     ☒ MEDICAL     ❑ MENTAL HEALTH

**(Please check one of the above)**

| Print Only | Print Only | Print Only |
|---|---|---|
| Date: 4/12/21 | Facility/Institution: MARION COUNTY JAIL | |
| Name: KWANG SMITH | D.O.B.: 11-3-92 | |
| I.D. # A0206526 | Cell # 242 | |

**Problem: (in your own words)**

I GOT MY GRIEVANCE BACK AND IT SAYS I WAS PUT IN FOR AN APPOINTMENT BUT THE NURSES SAY THERE ISN'T ANY APPOITMENTS SET I WOULD LIKE TO KNOW WHATS GOING ON.

### DO NOT WRITE BELOW THIS LINE

### STAFF SECTION

Disposition: Not A Sick Call

Person Triaging: F Cobbett      Date: 4/13/21    Time: 720
(Name)

## FOR STAFF USE ONLY

S: _____

_____

_____

O : _____

_____

_____

A : _____

_____

_____

P : _____

_____

_____

Date: _____    _____
MEDICAL SERVICES SIGNATURE

OCC033

**MAILED/FILED**
**WITH AGENCY CLERK**

**FEB 10 2023**

Department of Corrections
Bureau of Inmate Grievance Appeals

EXHIBIT

**PART B - RESPONSE**

F2212

| SMITH, KQUANO | 133932 | 23-6-04301 | FLORIDA STATE PRISON | F2212S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your grievance at the appropriate level at the institution. You have not done so, or you have not provided this office with a copy of that grievance, nor have you provided a valid or acceptable reason for not following the rules.

Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you may resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.

Based on the foregoing information, your grievance is returned without action.

C. NEEL

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 02/09/2023 DATE |
|---|---|---|

EXHIBIT

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
FEB 06 2023
Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

SMITH      KWANO    C.L.            133932          Florida State Prison Main Unit
Last       First    Middle Initial   DC Number        Institution

---

**Part A – Inmate Grievance**

23-6-04301

ON NOVEMBER 23RD, 2020, DURING THE TIME OF MY APPREHENSION. I WAS BEING ARRESTED WITH EXCESSIVE FORCE. OFFICER BURGOS RELEASED HIS PARTNER, K9 JAEGER, TO ATTACK ME. I WAS ALREADY ON THE GROUND WITH MY HANDS BEHIND MY BACK. I WASN'T RESISTING ARREST IN NO SHAPE, WAY OR FORM. K9 JAEGER BIT ME IN THE HEAD. I SCREAMED FOR OFFICER BURGOS TO TELL HIS PARTNER TO LET GO. IN NO WAY DID HE WANT TO TRY TO ASSIST IN HELPING GET HIS PARTNER. AFTER ABOUT 3 MINUTES OF THE K9 BITING ON MY HEAD OFFICER BURGOS GAVE HIS PARTNER 2 VERBAL COMMANDS TO LET GO WHICH TO NO AVAIL K9 JAEGER STILL DIDN'T LET GO AND WOULDN'T STOP BITING ME. THIS IS WHEN HE FINALLY ASSISTED IN HELPING GET HIS PARTNER, K9 JAEGER, AWAY AND OFF ME. I WAS LYING ON MY STOMACH HANDS CUFFED BEHIND MY BACK BLEEDING PROFUSELY FROM MY HEAD. OFFICER BURGOS AND OFFICER MALESKE PROCEEDED TO LAUGH AND MAKE THE SITUATION INTO A LAUGHING MATTER. IN THE TIME OF MY DISTRESS I WAS ASKING "WHY" AND "WHAT DID I DO". OFFICER BURGOS LOOKED DOWN AT ME SPAT AT ME AND TOLD ME TO "SHUT UP NIGGER". I THEN STATED THAT THIS IS AGAINST MY RIGHTS AND ASKED FOR MEDICAL ATTENTION. OFFICER BURGOS THEN TOLD ME THAT "AS A NIGGER I HAVE NO RIGHTS HERE IN AMERICA, ESPECIALLY DOWN HERE IN THE SOUTH." HE ALSO TOLD ME THAT THEY WILL CALL FOR MEDICAL ASSISTANCE WHEN THEY FELT LIKE IT. AS I LAY ON THE GROUND I HEARD BOTH OFFICER BURGOS AND OFFICER MALESKE SPEAKING IN HUSHED TONES. THEN OUT OF NO WHERE I HEAR OFFICER BURGOS SAY WATCH THIS. AS I LOOK UP I SEE OFFICER BURGOS WALK TO HIS PASSENGER REAR DOOR AND OPEN IT. K9 JAEGER JUMPED OUT AND CHARGED ME AGAIN. K9 JAEGER ONCE AGAIN PROCEEDED TO BITE ME IN THE HEAD AND IN THE PROCESS BIT A PIECE OF MY EAR OFF. THIS TIME I YELL AND SCREAM FOR OFFICER MALESKE TO PLEASE HELP. SHE LAUGHED AND TELLS ME THAT SHE IS NOT TRAINED TO DEAL WITH K9'S. OFFICER BURGOS THEN STATED TO ME THAT I NEED TO "SHUT UP NIGGER BEFORE HE ALLOWS HIS K9 TO KILL ME". I WAS IN FEAR FOR MY LIFE SO I TRIED MY BEST TO TRY AND GET THE K9 JAEGER TO BITE ANYWHERE ELSE BUT MY HEAD. IT DIDN'T WORK IT ONLY MADE THINGS WORSE

JANUARY 29, 2023
DATE

KWANO SMITH DC# 133932
SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

0 / KWANO SMITH
#        Signature

---

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

JAN 30 2023

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____
(Date)

Institutional Mailing Log #: 2302053010

_____
(Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 copies)             INMATE
                 INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                               CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)          incorporated by Reference in Rule 33-103.006, F.A.C.

10h (205) (DF)
Officer Burgos
Officer Maleske

## CONTINUATION OF GRIEVANCE

FOR ME. AFTER ABOUT 5 MINUTES OFFICER BURGOS GAVE HIS PARTNER 1 VERBAL COMMAND TO LET GO WHICH DID NOT WORK. ONCE AGAIN WHEN HE SEEN THE VERBAL COMMAND WASN'T WORKING HE THEN ASSISTED IN GETTING K9 JAEGER OFF AND AWAY FROM ME. THIS IS WHEN OFFICER MALESKE SEEN THAT NOT ONLY WAS I BLEEDING PROFUSELY FROM MY HEAD BUT THAT I WAS MISSING PART OF MY EAR. SHE RUSHED OVER TO GET A BETTER LOOK AT MY EAR AND IMMEDIATELY RADIO IN FOR MEDICAL ASSISTANCE. SHE THEN GOT UP AND AS SHE WAS WALKING TOWARDS OFFICER BURGOS SHE SAID THAT SHE THINKS THEY WENT TOO FAR THIS TIME. OFFICER BURGOS SAYS "FUCK THAT NIGGER PIECE OF SHIT HIM AND EVERY OTHER FUCKING NIGGER DESERVES WHAT THEY GET", BUT THE WAY OFFICER MALESKE SAID SHE BELIEVES THAT THEY TOOK IT TOO FAR THIS TIME LED ME TO BELIEVE THAT THEY'VE DONE THIS MORE THAN A FEW TIMES. NOW, WHILE IN THE COUNTY JAIL I MADE MULTIPLE COMPLAINTS ABOUT MY EAR. EVERYTHING I SAID FELL ON DEAF EARS. I WROTE MULTIPLE GRIEVANCES AND NONE WAS ANSWERED EXCEPT FOR 1. I FILLED OUT SICK CALLS, CALLED MEDICAL EMERGENCIES AND STILL NOTHING WAS DONE. HERE IT IS NOW WHERE I'M STILL HAVING EXCRUCIATING PAINS IN MY EAR AND ITS BECOMING HARDER AND HARDER FOR ME TO SLEEP AT NIGHT AND I'M STARTING TO LOSE HEARING OUT OF MY RIGHT EAR. I WOULD LIKE TO STATE FOR THE RECORD THAT ALL MY RIGHTS HAVE BEEN VIOLATED DEALING WITH THIS SITUATION. OFFICER BURGOS AND OFFICER MALESKE BOTH ALLOWED K9 JAEGER TO USE EXCESSIVE FORCE, OFFICER MALESKE ALLOWED HER FELLOW OFFICER TO ABUSE POWER, THEY BOTH ABUSED THEIR POWER, OFFICER BURGOS USED DEROGATORY AND RACIAL SLURS TOWARDS ME, WHICH IS ALSO A FORM OF A HATE CRIME. I WOULD ALSO LIKE TO STATE FOR THE RECORD HOW MEDICALLY I WAS REFUSED ANY TYPE OF ASSISTANCE, TREATMENT OR HELP. I AM SEEKING TO PLEASE GET THE PROPER ASSISTANCE, HELP AND TREATMENT I NEED.

EXHIBIT 11

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

SMITH KWUANO C.L. _____ 133932 _____ Florida State Prison Main Unit
Last   First   Middle Initial           DC Number         Institution

---

**Part A – Inmate Grievance**

I FILLED OUT A SICK-CALL JANUARY 29TH, 2023, ABOUT THE PROBLEMS IM HAVING WITH MY EAR, I STATED THAT I WAS HAVING EXCRUCIATING PAINS, I WAS BEGINNING TO LOSE HEARING AND THAT I WAS BLEEDING OUT MY EAR SOMETIMES. SO, ON JANUARY 30TH, 2023, I WAS PULLED BY THE SICK-CALL NURSES, NURSE KISSINGER AND NURSE STINT, UP TO MEDICAL. NURSE STINT TOOK MY VITALS AND WEIGHT. BOTH NURSE STINT AND NURSE KISSINGER BOTH ASKED ME MULTIPLE QUESTIONS IN REGARDS TO MY EAR, WHICH I ANSWERED AS TRUTHFUL AS POSSIBLE. NURSE KISSINGER TOOK ME INTO WHAT THEY CALL THE "ER ROOM" AND PROCEEDED TO TELL DOCTOR COLLINS WHAT WAS GOING ON. AS SHE WAS DOING THIS SHE LOOKED INTO MY RIGHT EAR, WHICH IS THE EAR I WAS COMPLAINING ABOUT. SHE LOOKED INSIDE MY EAR AND STATED OUT LOUD SO DOCTOR COLLINS CAN HEAR, THAT, SHE SEE'S WAX IN MY EAR BUT SHE ALSO SEE'S SOMETHING DARKER WHICH COULD ACTUALLY BE BLOOD. DOCTOR COLLINS THEN GOT UP TO HAVE A LOOK HIMSELF. AS HE LOOKED INTO MY RIGHT EAR FIRST HE SAYS THAT HE SEE'S WHAT NURSE KISSINGER SEEN AND PROCEEDS TO LOOK INTO MY LEFT EAR. HE THEN TELLS ME THAT IM FINE AND GIVES ME EAR DROPS AND IBUPROFEN FOR THE PAIN. I BEGAN TO PROTEST WHICH FELL ON DEAF EARS. HE KEPT TRYING TO INSIST THAT I WAS ALRIGHT AND THAT WHATEVER I WAS GOING THROUGH WOULD PASS. BUT I KEPT TELLING HIM I BEEN GOING THROUGH THESE SAME ISSUES SINCE THE COUNTY JAIL AND THAT NOTHING HAS BEEN DONE. THEN I TELL HIM ABOUT MY HEARING STARTING TO FADE. HE MAKES A JOKE OF IT BY SAYING THATS FROM THE POLICE SIRENS I BE ALWAYS RUNNING AWAY FROM AND GUNS IM ALWAYS SHOOTING. I REALLY FELT AS THOUGH HE WAS STEREOTYPING ME. THEN HE TRIES TO DOWNPLAY WHAT HE SAID BY STATING MY HEARING HAS NOTHING TO DO WITH THE K9 BITE, AND THAT ITS PROBABLY FROM THE LOUD MUSIC I LISTEN TO. THAT THE EARBUDS I STICK IN MY EAR COULD MESS UP MY HEARING, AND I SHOULD STOP TRYING TO BRING TUPAC BACK FROM THE DEAD. I SAID ALRIGHT BECAUSE I SEEN I WASN'T GETTING ANYWHERE WITH HIM OR GOING TO RECEIVE THE PROPER CARE I NEEDED WHICH IS TO SEE

JANUARY 31, 2023                          KWUANO SMITH DC# 133932
DATE                                      SIGNATURE OF GRIEVANT AND D.C. #

2302   205   004

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

014                                    Ø / KWUANO SMITH
                                       #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

FEB 01 2023

Submitted by the inmate on: _____   Institutional Mailing Log #: _____   _____
                            (Date)                                                          (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY          CENTRAL OFFICE
                INMATE (2 Copies)             INMATE
                INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)              Incorporated by Reference in Rule 33-103.006, F.A.C.

EXHIBIT II

## CONTINUANCE OF GRIEVANCE

A HEARING SPECIALIST. AS I STEPPED OUT OF HIS OFFICE HE CALLS MY NAME AND
BEGINS TO TALK LOUD AND ASK ME CAN I HEAR HIM, I TELL HIM YEAH, I'M ONLY 5
FEET AWAY, I'M UP CLOSE AND RIGHT OUTSIDE YOUR OFFICE DOOR. I'M WRITING THIS
UP BECAUSE DOCTOR COLLINS IS REFUSING TO GIVE ME THE PROPER MEDICAL CARE
I NEED. ALSO BECAUSE OF THE STEREOTYPE COMMENTS HE MADE TOWARDS ME. I'M
AN INMATE WHO IS HAVING MEDICAL ISSUES WITH MY EAR TRYING TO SEEK THE
PROPER HELP AND TREATMENT. I FEEL AS THOUGH DOCTOR COLLINS IS REFUSING ME
THAT HELP AND TREATMENT I NEED.

**PART B - RESPONSE**

| SMITH, KQUANO | 133932 | 2302-205-004 | FLORIDA STATE PRISON | F2212S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAWS.

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed. It is the responsibility of your health care staff to determine the appropriate treatment for the condition you are experiencing. There is no indication that you have been denied access to medical care. You may not agree with the treatment regimen, and have the right to refuse treatment at any time, but that does not mean that you are not being provided adequate care. At this time the allegations against staff cannot be validated.

Therefore, this based on the foregoing information; your grievance is DENIED.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by paragraphs 33-103.007(3)(a) and (b), F.A.C., and forwarding your complaint to the Bureau of Policy Management and Inmate Appeals, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

*Alvia I. Varona, MD CHHP*

SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

2-16-23

DATE

FEB 15 2023

EXHIBIT 11

**FLORIDA DEPARTMENT OF CORRECTIONS**

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| SMITH | KWUNO | C.L. | 133932 | Florida State Prison Main Unit |
|-------|-------|------|--------|-------------------------------|
| Last  | First | Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance**

I FILLED OUT A SICK-CALL JANUARY 29TH, 2023, ABOUT THE PROBLEMS I'M HAVING WITH MY EAR. I STATED THAT I WAS HAVING EXCRUCIATING PAINS, I WAS BEGINNING TO LOSE HEARING AND THAT I WAS BLEEDING OUT MY EAR SOMETIMES. SO, ON JANUARY 30TH, 2023, I WAS PULLED BY THE SICK-CALL NURSES, NURSE KISSINGER AND NURSE STINT, UP TO MEDICAL. NURSE STINT TOOK MY VITALS AND WEIGHT. BOTH NURSE STINT AND NURSE KISSINGER BOTH ASKED ME MULTIPLE QUESTIONS, IN REGARDS TO MY EAR, WHICH I ANSWERED AS TRUTHFUL AS POSSIBLE. NURSE KISSINGER TOOK ME INTO WHAT THEY CALL THE "ER ROOM" AND PROCEEDED TO TELL DOCTOR COLLINS WHAT WAS GOING ON. AS SHE WAS DOING THIS, SHE LOOKED INTO MY RIGHT EAR, WHICH IS THE EAR I WAS COMPLAINING ABOUT. SHE LOOKED INSIDE MY EAR AND STATED OUT LOUD SO DOCTOR COLLINS CAN HEAR, THAT SHE SEES WAX IN MY EAR BUT SHE ALSO SEE'S SOMETHING DARKER WHICH COULD ACTUALLY BE BLOOD. DOCTOR COLLINS THEN GOT UP TO HAVE A LOOK HIMSELF. AS HE LOOKED INTO MY RIGHT EAR FIRST HE SAYS THAT HE SEE'S WHAT NURSE KISSINGER SEEN AND PROCEEDS TO LOOK INTO MY LEFT EAR. HE THEN TELLS ME THAT I'M FINE AND GIVES ME EAR DROPS AND IBUPROFEN FOR THE PAIN. I BEGIN TO PROTEST WHICH FELL ON DEAF EARS. HE KEPT TRYING TO INSIST THAT I WAS ALRIGHT AND THAT WHATEVER I WAS GOING THROUGH WOULD PASS. BUT I KEPT TELLING HIM I BEEN GOING THROUGH THESE SAME ISSUES SINCE THE COUNTY JAIL. AND THAT NOTHING HAS BEEN DONE. THEN I TELL HIM ABOUT MY HEARING STARTING TO FADE. HE MAKES A JOKE OF IT BY SAYING THAT'S FROM THE POLICE SIRENS I BE ALWAYS RUNNING AWAY FROM AND GUNS I'M ALWAYS SHOOTING. I REALLY FELT AS THOUGH HE WAS STEREOTYPING ME. THEN HE TRIES TO DOWNPLAY WHAT HE SAID BY STATING MY HEARING HAS NOTHING TO DO WITH THE K9 BAILE, AND THAT ITS PROBABLY FROM THE LOUD MUSIC I LISTEN TO. THAT THE EARBUDS I STICK IN MY EAR COULD MESS UP MY HEARING, AND I SHOULD STOP TRYING TO BRING TUPAC BACK FROM THE DEAD. I SAID ALRIGHT BECAUSE I SEEN I WASN'T GETTING ANYWHERE WITH HIM OR GOING TO RECEIVE THE PROPER CARE I NEEDED WHICH IS TO SEE

| JANUARY 31, 2023 | KWUNO SMITH DC# 133932 |
|------------------|------------------------|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

2302  205  CCU

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

OMH

Ø / KWUNO SMITH
# / Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled to Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The Inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: FEB 01 2023
(Date)

Institutional Mailing Log #: _____

_____ (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---------------|---------------------|----------------|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.